UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEITH CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-CV-1228 |
| | ) | |
| SHERIFF MCCOY, et al., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from Dixon Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that during his detention in the Peoria County Jail an officer tased Plaintiff without giving Plaintiff a warning while Plaintiff was standing in water.  Plaintiff states that this incident occurred in 2012 but that he has "been under heavy psychotropic medications [and has] been unfit to file my lawsuit sooner." (Complaint p. 7.)

A two year statute of limitations applies to Plaintiff's claims. <u>Bryant v. City of Chicago</u>, 746 F.3d 239, 241 (7th Cir. 2014)(In Illinois, section 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202).  Limitations is an affirmative defense, but the Court can dismiss a lawsuit as untimely if the lawsuit is obviously and irretrievably untimely from the face of the Complaint.  <u>Walker v. Thompson</u>, 288 F.3d 1005, 1009 (7th Cir. 2002)("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as

frivolous, the district judge need not wait for an answer before dismissing the suit.").

The statute of limitations on this claim would have run in 2014 (four years ago) absent some sort of tolling or equitable exception. Plaintiff's allegation that he has been under heavy psychotropic medications this entire time is too conclusory to allow a plausible inference that the psychotropic medications rendered him unable to file this action sooner. Tolling is warranted if an individual is under a legal disability, but the individual must be "entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his estate or financial affairs." Goodman v. Cook County, 697 Fed.Appx. 460 (7th Cir. 2017)(not published in Fed. Rptr.)(*quoting* Estate of Riha v. Christ Hosp., 187 Ill.App.3d 752 (1989)). Plaintiff does not say what his diagnosis is, what medications he was or is taking, or when he started taking them. The Court has many prisoner cases filed by inmates who are taking psychotropic medications. Further, Plaintiff filed a case in the Northern District of Illinois just one month before filing this case,

alleging that h/e intentionally pretended to be psychotic in order to obtain a transfer to Dixon Correctional Center in 2014 and then injured himself in Dixon and pretended to be mentally ill as a way to manipulate staff and stay at Dixon, not because Plaintiff is truly mentally ill. <u>Clark v. Doyle, et al.</u>, 18-cv-50143 (N.D. Ill.) These are not the actions of an individual under a legal disability.

**IT IS ORDERED:**

    1) Plaintiff's complaint is dismissed without prejudice as barred by the statute of limitations.

    2) Plaintiff may file an amended complaint by July 31, 2018.

ENTERED: 07/09/2018

FOR THE COURT:

                      **s/Sue E. Myerscough**
                      SUE E. MYERSCOUGH
                UNITED STATES DISTRICT JUDGE